IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff/Respondent,<br><br>vs.<br><br>Michael Craig Anderson,<br><br>　　　　　Defendant/Movant. | No.  CV-07-1947-PHX-DGC (LOA)<br>　　　CR-04-1281-PHX-DGC<br><br>**REPORT AND RECOMMENDATION** |

　　　　This matter arises on Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (docket # 139)  Movant raises the following claims: (1) defense counsel was ineffective because he failed to object to the inclusion of 792 pounds of marijuana in the base offense level; and (2) Movant did not receive the 60-month sentence of imprisonment which the Government allegedly promised and counsel did not appeal Movant's sentence. (docket # 139) Respondent filed a Response (docket # 147) to which Movant has replied. (docket # 148)   In his Reply, Movant, for the first time in this § 2255 proceeding, raises a claim of disparate sentencing under 18 U.S.C. § 3553(a).  Because this claim was not properly presented as a part of Movant's § 2255 motion, relief cannot be granted on this claim.  *See* Rules Governing Section 2255 Proceedings, Rule 2(b) (stating that the motion to vacate, set aside, or correct sentence must "specify all the grounds for relief available to the moving party.")  The Court, however, will discuss this claim out of an abundance of caution.

**I. Procedural History**

On December 15, 2004, Movant, along with several co-conspirators, was charged with numerous counts including bribery, conspiracy to import marijuana, money laundering, and evasion of assessment. (docket # 1)

On March 3, 2006, pursuant to a written plea agreement, Movant pled guilty to the following offenses: Receiving a Bribe by a Public Official (Count 2); Conspiracy to Import More than 1000 Kilograms of Marijuana (Count 4); Money Laundering (Count Six); and Filing a False Tax Return (Count 8). (docket # 100, Respondents' Exh. A at 1-2; Exh. B) Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the Government and Movant stipulated that Movant be sentenced to a term of imprisonment between 60 and 108 months. (Respondents' Exh. A at 4) Pursuant to Fed.R.Crim.P. 11(c)(1)(B), the Government agreed to recommend a three-level reduction for "Acceptance of Responsibility" and a two-level decrease for "Safety Valve." (Respondents' Exh. A at 3-4) The plea agreement included an express waiver of Movant's right to appeal or collaterally attack his conviction or sentence. (Respondent's Exh. A at 5; C at 8)

At sentencing on October 11, 2006, defense counsel moved to amend the factual basis related to Count 4 of the plea agreement to change the date in that paragraph from "April 2001" to "November or December of 2000." (Respondents' Exh. C, Tr. 10/11/06 at 3-5) Defense counsel advised the Court that the allegedly erroneous date would not affect the outcome of sentencing. (Respondents' Exh. C at 3, 8) After further discussion regarding this issue, the Court denied counsel's request and denied a subsequent request to withdraw from the plea agreement. (Respondents' Exh. C, Tr. 10/11/06 at 5-8)

Neither party made any substantive objections to the presentence report ("PSR"). (docket # 147, Tr. 10/11/06 at 10-11) The Court accepted the plea agreement and adopted the calculations in the PSR. The Court determined that Petitioner had a Total Offense Level of 31 and Criminal History Category of I, resulting in an advisory sentencing guideline range of 108-135 months. (Respondents' Exh. C, Tr. 10/11/06 at 11-12) The Court sentenced Movant to 108 months imprisonment on Counts 2, 4, and 6, and to 36 months on

1 Count 8, all the be served concurrently.  The Court also imposed a term of supervised
2 release to follow.  (Respondents' Exh. C, Tr. 10/11/06 at 29)
3         On October, 12, 2007, Movant filed a timely Motion to Vacate, Set Aside, or
4 Correct Sentence pursuant to 28 U.S.C. § 2255.  (docket # 139)

**II. Analysis**

    **A.  Waiver**

Respondent asserts that, pursuant to his plea agreement, Movant waived his right to challenge his conviction or sentence under § 2255.  Movant contends the Court should not enforce the waiver because the Government breached the plea agreement.  (docket # 148) The Court addresses the issue of whether the Government breached the plea agreement in Section B, *supra*.

Movant pled guilty pursuant to a written plea agreement which the Honorable David G. Campbell accepted. (Respondents' Exh. A)  The plea agreement specifically provides that:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement.  The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon the defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) *any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack*.

(docket # 22; Respondent's Exh. B at 5)(emphasis added).  Petitioner's right to challenge his conviction and sentence in the present § 2255 motion is specifically waived in the plea agreement.

The Ninth Circuit regularly enforces "knowing and voluntary" waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas, *see United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994), and do not violate public policy, *see United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir.1996) (cataloguing

public policy exceptions). Similarly, the right to collateral review may be waived. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1993).

"A defendant's waiver of his appellate rights [and right to collaterally attack his sentence] is enforceable if (1) the language of the waiver encompasses his right to appeal [and collaterally attacks his sentence] on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir.2005). *See also United States v. Nunez*, 223 F.3d 956, 958-59 (9th Cir. 2000); *United States v. Pruitt,* 32 F.3d 431, 432-33 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1013-14 (9th Cir. 1993)(stating that movant's waiver executed in his plea agreement foreclosed him from challenging his sentence in a § 2255 motion.)

The terms of the plea agreement are controlled by the principles of contract law. *See, e.g.*, *United States v. Sandoval-Lopez*, 122 F.3d 797, 800 (9th Cir.1997) ("Plea bargains are contractual in nature and subject to contract-law standards."); *United States v. Keller*, 902 F.2d 1391, 1393 (9th Cir. 1990). Thus, courts apply contract principles, including the parol evidence rule, to examine and enforce the plain language of the contract, or plea agreement, and do not consider extrinsic evidence to interpret the terms plea agreement if it is clear and unambiguous on its face. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000)(*citing Wilson Arlington Co. v. Prudential Ins. Co. of America*, 912 F.2d 366, 370 (9th Cir. 1990)); *United States v. Trapp*, 257 F.3d 1053, 1056 (9th Cir. 2001). The government is held "to the literal terms of the agreement." *United States v. Baker*, 25 F.3d 1452, 1458 (9th Cir. 1994).

To be enforceable, Movant's waiver must also have been made "knowingly and voluntarily." *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994). Whether a particular waiver was made "knowingly and voluntarily" is determined by looking to the circumstances surrounding the signing and entry of the plea agreement. *See United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir.1991). The Supreme Court has stated that where "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was

within the range of competence demanded of attorneys in criminal cases.... [A] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective]." *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (internal quotation marks and citations omitted).

In the plea agreement itself, Movant specifically admitted that: (1) he had read the plea agreement with the assistance of counsel and understood its terms; (2) he understood the constitutional rights that he was forfeiting by pleading guilty; (3) he had discussed the charge and possible sentence with counsel and understood that the Guideline range was not binding on the court and that the court could depart upward or downward from that range; (4) that the plea was voluntary and that the written plea agreement contained all of the terms and conditions of his plea; (5) he entered the plea without force, threats, assurances or promises not contained in the plea agreement; and (6) he was satisfied that defense counsel had represented him in a competent manner. (Respondent's Exh. A at 9-11)

During the March 3, 2006 plea proceedings, the Court inquired as to the voluntariness of the plea and Movant's understanding of its terms.  (Respondents' Exh. B, Tr. 3/3/06 at 1-38)  Movant advised the Court that he was satisfied with counsel's representation, that all of his questions had been answered, and that he had received sufficient time to fully discuss his case with counsel. (Respondents' Exh. B, Tr. 3/3/06 at 16-17)  Movant acknowledged that counsel had informed him of the sentencing guidelines, that every provision of the plea agreement had been read and explained to him, that the written plea agreement contained all of the promises and assurances made to him, and that he agreed to the terms of the plea agreement. (Respondents' Exh. B, Tr. 3/3/06 at 16-19) The Court concluded that Movant understood the nature of the charge against him; the possible consequences of his plea, including the possible range of sentences and the nature of the sentencing guidelines; the plea had been knowingly, intelligently, and voluntarily

made; the plea was supported by a factual basis; and Movant understood the rights he was foregoing by entering the plea. (Respondents' Exh. B, Tr. 3/3/06 at 34)

The plea agreement clearly sets forth that Movant was waiving his right to appeal and his right to bring a collateral attack by entering the plea. (Respondents' Exh. A) Movant signed the agreement, indicated that he had read the plea agreement, discussed its terms with counsel, and understood those terms. (Respondents' Exh. A) Moreover, during the change of plea hearing, Movant advised the Court that he had reviewed the plea agreement with counsel and that he understood and agreed to its terms. He further advised the Court that the understood that by pleading guilty, he was giving up his right to appeal and his right to bring a collateral attack. (Respondents' Exh. B at 16-17) In view of the evidence in the record, the Court finds that Movant knowingly and voluntarily waived his right to collaterally attack his conviction and sentence.

Likewise, because Movant waived his right to appeal or collaterally attack his sentence, he also implicitly waived the right to argue ineffective assistance of counsel regarding sentencing issues, because a claim that counsel was ineffective at sentencing, is still a challenge to the sentence itself. *United States v. Nunez.*, 223 F.3d 956, 959 (9th Cir. 2000). Accordingly, Movant waived his right to § 2255 review of his claims and his § 2255 motion should be dismissed on that basis. Alternatively, as discussed below, the § 2255 motion should be denied because Movant's claims lack merit.

### B. Ineffective Assistance of Counsel

Movant argues that trial counsel was ineffective with regard to his sentence. To establish ineffective assistance of counsel, Movant must establish that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 688-692 (1984)). To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. "A fair assessment of

attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.  Review of counsel's performance is "extremely limited." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998).  Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689.

To establish a Sixth Amendment violation, petitioner must also establish that he suffered prejudice as a result of counsel's deficient performance. *Strickland*, 466 U.S. at 691-92; *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006)(stating that "a violation of the Sixth Amendment right to effective representation is not 'complete' until the defendant is prejudiced.") To show prejudice, petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999); *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998).  The court may proceed directly to the prejudice prong. *Jackson v. Calderon*, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000)(citing *Strickland*, 466 U.S. at 697).  The court, however, may not assume prejudice solely from counsel's allegedly deficient performance. *Jackson*, 211 F.3d at 1155.  The *Strickland* standard applies equally to a defendant who has been "represented by counsel during the plea process and enters his plea upon the advice of counsel . . . ." *Hill v. Lockhart*, 474 U.S. 52, 56-58 (1985).  With respect to guilty pleas, movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.  As discussed below, Movant's claims of ineffective assistance of counsel fails.

**1. Failure to Object to Base Offense Level**

Movant argues that counsel was ineffective because he failed to object to the inclusion of 792 pounds of marijuana in the calculation of the base offense level.  (docket #

- 7 -

139) Paragraph seven of the PSR refers to this amount of marijuana. However, the 792 pounds of marijuana was not included in Petitioner's drug calculation. Rather, the Base Offense Level was based solely upon the 5 kilograms of cocaine and the 1000+ kilograms of marijuana admitted in the factual basis of the plea agreement and at the change of plea hearing. (Respondents' Exh. A, Exh. B at 27-30) Specifically, in the plea agreement, Movant admitted that the "amount of marijuana imported into the United States was in excess of 1000 kilograms." (Respondents' Exh. A at 9) Movant's Base Offense Level was 32. The amount of marijuana (or marijuana equivalent) that correlates to this Base Offense Level is 1000 to 3000 kilograms. One kilogram equals 2.20462 pounds. Thus, 1000 kilograms (the amount to which Movant admitted) equals 22,204.622 pounds. Thus, whether the Court included or excluded the 792 pounds of marijuana would not have had any impact on Petitioner's sentencing range. Accordingly, even assuming that Court included the 792 pounds of marijuana in calculating Petitioner's sentencing range, counsel was not ineffective in failing to object to that inclusion.

**2. Promised Sentence/ Breach of Plea Agreement**

Movant further argues that the Government breached the plea agreement by not recommending that the Court impose a 60-month sentence and the counsel was ineffective for failing to object to his sentence on that basis.

As set forth below, Movant's allegations of breach either assume promises made by the Government which are not in the plea agreement, or assume actions that did not occur. The written plea agreement is not ambiguous. (Respondents' Exh. A) The plea clearly provides that it embodies the entire agreement between the parties. (Respondents' Exh. A at 10) The Government's failure to recommend that the Court impose a 60-month term of imprisonment did not breach the plea agreement, because it contained no such term. Because the Government did not breach the plea agreement, Movant's argument that the waiver of his right to bring a § 2255 is enforceable on that basis fails. Likewise, his claim that counsel was ineffective for failing to object to his sentence on that basis fails.

1   The terms of the plea agreement are controlled by the principles of contract law.
2  *See, e.g.*, *United States v. Sandoval-Lopez*, 122 F.3d 797, 800 (9th Cir.1997) ("Plea bargains
3  are contractual in nature and subject to contract-law standards."); *United States v. Keller*,
4  902 F.2d 1391, 1393 (9th Cir. 1990).  Thus, courts apply contract principles, including the
5  parol evidence rule, to examine and enforce the plain language of the contract, or plea
6  agreement, and do not consider extrinsic evidence to interpret the terms plea agreement if it
7  is clear and unambiguous on its face.  *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir.
8  2000)(*citing Wilson Arlington Co. v. Prudential Ins. Co. of America*, 912 F.2d 366, 370 (9th
9  Cir. 1990)); *United States v. Trapp*, 257 F.3d 1053, 1056 (9th Cir. 2001).  The Government is
10 held "to the literal terms of the agreement." *United States v. Baker*, 25 F.3d 1452, 1458 (9th
11 Cir. 1994).

12   The plea agreement states that in "determining sentence in this case, pursuant to
13 Fed.R.Crim.P. 11(c)(1)(C), the parties stipulate that the defendant shall be sentenced to a
14 term of imprisonment between 60 and 108 months." (Respondents' Exh. A at 4)  Movant
15 received a sentence of 108 months, which was within the range stipulated in the plea
16 agreement.  The plea agreement further states that:

> I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

20 (Respondents' Exh. A at 10)(emphasis in original).  Thus, the agreement with Movant
21 signed and agreed to plainly stated that there could be no unwritten promises regarding
22 sentencing.

23   Indeed, during the change of plea hearing, Movant acknowledged that there were
24 no unwritten promises in this case.

> The Court:   Does the agreement contain everything that you and the government agreed to in this case?
>
> The Defendant:   Yes, sir, it does.
>
> The Court:   Have any promises been made to you or commitments made that are not contained in the plea agreement?

- 9 -

> The Defendant:   No, sir.
>
> The Court:   Other than the plea agreement, has there been any promise made to you about what your final sentence will be?
>
> The Defendant: No, sir.

(Respondents' Exh. B, Tr. 3/3/06 at 17)  Movant affirmed, under oath, that there were no unwritten promises in this case.  He specifically stated that there were no promises regarding his final sentence.  The Court revisited this issue at a later point in the change of plea proceedings.

> The Court:   Do you understand, Mr. Anderson, that neither your attorney, the government's attorney, nor I can tell you today what your sentence will be?
>
> The Defendant: Yes, sir.
>
> The Court: Do you understand that if the sentence turns out to be different than you expect, you will still be bound by your guilty plea if the sentence is consistent with the plea agreement?
>
> The Defendant: Yes, sir.

(Respondents' Exh. B, Tr. 3/3/06 at 26)

During the sentencing proceedings, the Court advised Movant that pursuant to the advisory sentencing guidelines, "the range of possible incarceration with respect to Count 2 and Count 4 is 108 to 135 months.  With respect to Count 6, it is 108 to 120 months.  With respect to Count 8 it is 36 months."  (Respondents' Exh. C at 11-12)  The term of supervised release ranged from one to five years.  (Respondents' Exh. C at 11-12)  Defense counsel agreed that those guidelines ranges were correct.  (Respondents' Exh. C at 12)  The Court then permitted defense counsel to make "comments" regarding "the appropriate sentence."  (Respondents' Exh. C at 12)

Defense counsel urged the Court to impose a sentence that took into consideration the plea agreement's stipulated sentencing range of 60 to 108 months.  (Respondents' Exh. C at 12)  Defense counsel recognized that the low end of the guidelines range is 108 months, but urged the Court to consider imposing a sentencing of 60 months or

- 10 -

1 "toward the lower end of the 60 months." (Respondents' Exh. C at 13, 1)  The Court then
2 heard from Movant.  (Respondents' Exh. C at 17-20)
3      Movant stated that:

> The Defendant: When I took my plea, I was under the assumption that it was from 60 to 108 months and that the government was going to recommend I get the low end. To me that's 60 months.

6 (Respondents' Exh. C, Tr. 10/11/06 at 18)  Movant further stated that "[n]ow I get the
7 presentence report, my attorney tells me, hey, I read it and it is 108 the low end."
8 (Respondents' Exh. C at 18)
9      Finally, the Government addressed the Court and recommended that the Court
10 sentence Movant to the low end of the advisory sentencing guideline range, not the low end
11 of range contained in the plea agreement.  (Respondents' Exh. C at 25)  The Government
12 avowed that "the parties' full and complete agreement and all of the terms relating to Mr.
13 Anderson's potential sentence were set forth in the plea agreement . . . ."  (Respondents'
14 Exh. C at 20-21)  The Government further explained that:

> the defense did ask that there be a possibility that they be allowed to argue for a sentence all the way down to as low as 60 months.  And that is the range that is set forth in the plea agreement.  There's no agreement in the plea that the government would make a low-end recommendation.  And the reason for the range being as broad as it is because the government anticipated that the presentence report was going to come back quite high and that Mr. Anderson's guideline calculation was going to be far in excess of 60 months.

(Respondents' Exh. C at 21)

     After hearing from defense counsel, Movant himself, and the Government, the Court sentenced Movant to 108 months in compliance with the plea agreement which included a sentencing range of 60 to 108 months.  (Respondents' Exh. C at 28-29)  The Court noted that the sentencing guideline range was "108 to 135 months."  In view of the guidelines range, in the absence of the plea agreement which provided that "there won't be a sentence . . . higher than 108 months," Petitioner's sentencing exposure would have been "substantially higher."  (Respondents' Exh. C at 28)  At the conclusion of the sentencing

- 11 -

1  hearing, Movant expressed confusion regarding his sentence during the following exchange
2  with the Court:

3     The Defendant: What happened to the 60 months I was told?

4     The Court: I'm sorry?

5     The Defendant: I was told 60 months, sir. I just don't —

6     Mr. Lockhart defense counsel] : I'll talk to him, Your Honor.

7     The Defendant: I don't understand.

8     The Court: Well, Mr. Anderson, I understand that you are disappointed with
       the sentence. The sentence is consistent with the plea agreement. It's in my
9      opinion the appropriate sentence given the crimes. You can certainly talk to
       Mr. Lockhart about if you think something improper has happened here
10     today. That is entirely your right and you can do that, but this is my best
       judgment about the appropriate sentence in this case.
11
(Respondents' Exh. C, Tr. 10/11/06 at 33)
12
         The record reflects that the Court specifically advised Petitioner that he should
13
not rely on any sentencing estimate of defense counsel. Together, the Plea Agreement and
14
the Court's statements during the change of plea hearing clearly advised Movant that there
15
could be no promises regarding his final sentence and that he faced a maximum sentence of
16
up to 108 months. There is no evidence to support Petitioner's claim that the Government or
17
defense counsel had promised Petitioner that he would receive a sentence of 60 months
18
imprisonment. At most the record reflects that defense counsel wanted the possibility to
19
argue for a sentence as low as 60 months and that the Government accommodated that
20
request by agreeing to a sentencing range of 60 to 108 months. The record does not support
21
a finding that the Government promised to recommend a 60-month sentence in view of the
22
prosecutor's statement that it "anticipated that the presentence report was going to come
23
back quite high and that [Petitioner's] guideline calculation was going to be far in excess of
24
60 months." (Respondents' Exh. B at 21)
25
         Movant's mistaken belief that he would receive a 60-month sentence does not
26
support a claim that an unwritten promise existed. The plea agreement, the change of plea
27
hearing, and the sentencing proceedings do not support Movant's claim that an unwritten
28

1 promise of a 60-month term of imprisonment existed.  Movant's own statements during the
2 change of plea hearing confirm that he was aware that his sentencing range was between 60
3 to 108 months.

4 Morever, even if an unwritten promise existed at some point, pursuant to the
5 terms of the plea agreement, Movant agreed that the terms of such an agreement would be
6 null and void. (Respondents' Exh. A at 10) Specifically, he agreed that any promises that
7 "are not contained within this written plea agreement are without force and effect and are
8 null and void." (Respondents' Exh. A at 10)(emphasis in original)

9 Finally, because there is no evidence that an unwritten promise regarding
10 sentencing existed, defense counsel was not ineffective in failing to object or appeal
11 Movant's sentence on that basis.

**C. Disparate Sentencing**

13 In his Reply, Movant asserts a disparate sentencing claim.  Although he did not
14 raise this claim in his § 2255 Motion, the Court will consider this claim out of caution.

15 Movant argues that the district court failed to consider adequately whether his
16 sentence created an unwarranted disparity when compared to the sentences of his
17 co-defendants. *See, e.g., United States v. Caperna*, 251 F.3d 827, 830-31 (9th Cir.2001)
18 (approving departure based on codefendant disparity in some circumstances).

19 Movant presented a disparate sentencing argument during his sentencing
20 proceedings.  Pursuant to 18 U.S.C. § 3553, defense counsel argued that in determining
21 Movant's sentence, the Court should "do a comparative . . . to what other people somewhat
22 associated in this conspiracy and those dismissed from the conspiracy received as
23 punishment in connection with this case." (Respondents' Exh. C at 14)  Movant argued that
24 the "major . . . confidential informant" in this case "had a 25-count indictment dismissed . . .
25 and served no jail time." (Respondents' Exh. C at 14)  Movant's counsel further argued that
26 he "assumed" that the "major confidential informant" was more involved in the conspiracy
27 than Petitioner. (Respondents' Exh. C at 14-15)  He further argued that another conspirator
28 received a sentence of 50-months imprisonment, (Respondents' Exh. C at 15)

The Government argued that the record did not contain sufficient information to analyze the sentences imposed on other defendants involved in the conspiracy. (Respondents' Exh. C at 21)  The Government further argued that "there's not been any evidence brought to the Court's attention that would warrant a decision that Mr. Anderson is being treated unfairly based on the sentences received by others involved." (Respondents' Exh. C at 21-22)

The Court indicated that it considered Defense counsel's arguments "about the treatment of the co-defendants" and considered the factors relevant to sentencing set forth in 18 U.S.C. § 3553(a).  (Respondents' Exh. C at 29)  The Court stated that it was "influenced substantially by the fact this was not only a very large drug crime, but it was a bribed government officer who permitted it to happen on repeated occasions.  And the seriousness of that offense not only as an improper importation of drugs, but as a breach of trust of the American people." (Respondents' Exh. C at 29)

In his Reply, Movant again argues that several co-conspirators received lesser sentences. (docket # 148 at 5-6)  Movant further argues that his sentence is unreasonable when compared to sentences imposed in "similar cases." (docket # 148 at 6) Movant cites the names of several individuals and identifies their sentences. (docket # 148 at 6)

The purpose of § 3553(a) is to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *Kimbrough v. United States*, ---U.S. ----, ----, 128 S.Ct. 558, 574 (Dec. 10, 2007) (noting that " Section 3553(a)(6) directs district courts to consider the need to avoid unwarranted disparities-along with other § 3553(a) factors-when imposing sentences." ).

When a defendant challenges a sentence on the ground of disparity with co-defendants under 18 U.S.C. § 3553(a)(6), the defendant must establish that those co-defendants are similarly situated because § 3553(a)(6) mandates that sentencing judges take into account "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.*

Movant contends that he received the harshest sentence of any of the people involved in this conspiracy despite others being more involved. (docket # 148 at 5) Movant, however, fails to identify any codefendant with whom he was similarly situated who received a lower sentence. As Movant noted, several co-defendants cooperated with the Government. Additionally, as the Court noted, Movant was a public officer who "took an oath the protect the country's borders, was stationed as an officer to do so, and violated that oath in exchange for bribes." (Respondents' Exh. C at 27-28)

Here, the District Court considered Movant's criminal history and personal characteristics, his role in the offense, the advisory Sentencing Guideline range of 108-135 months, and the terms of the plea agreement. (Respondents' Exh. C at 28) Although "a district court judge is not required to explain the basis for disparate sentences, within statutory limits, imposed upon similar codefendants," *United States v. Endicott*, 803 F.2d 506, 510 (9th Cir.1986), the Court stated that it considered "the treatment of the co-defendants. And in wrestling with all of those decisions, I've tried to determine what is a reasonable sentence under 3553(a)." (Respondents' Exh. C at 29), *See United States v. Salmoran-Sanchez*, 2008 WL 2276692 (9th Cir., June 3, 2008) (finding no violation of § 3553(a) where court stated it considered sentences imposed on all other codefendants).

Thus, the district court adequately considered whether Movant's sentence created an unwarranted disparity.

## III. Conclusion

Movant's § 2255 Motion should be denied. First, Movant is not entitled to consideration of his claims raised in his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 because he waived his right to bring such an action in his plea agreement. Alternatively, Movant's claims lack merit.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket # 139) be **DENIED**.

1  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 15th day of September, 2008.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge