**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,                    )    No. CR 04-1281-PHX-DGC
                                             )
                  Plaintiff,                 )    No. CV 07-1947-PHX-DGC (LOA)
                                             )
vs.                                          )    **ORDER**
                                             )
Michael Craig Anderson,                      )
                                             )
                  Defendant/Movant.          )
_____    )

        Michael Craig Anderson, who is now confined in Federal Prison Camp La Tuna in Anthony, Texas, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.  Dkt. #1.  Magistrate Judge Lawrence O. Anderson issued a Report and Recommendation ("R&R") recommending that the Court deny the motion.  Dkt. #2.  The Court will accept the R&R as set forth in this order and deny the motion.

**I.      Background.**

        Anderson pled guilty to Receiving a Bribe by a Public Official (18 U.S.C. § 201(b)(2)(C)), Conspiracy to Import More than 1000 Kilograms of Marijuana (21 U.S.C. § 963, 952(a), 960(b)(1)(G)), Money Laundering (18 U.S.C. § 1957), and Filing a False Tax Return (26 U.S.C. § 7206(1)).  Dkt. #1 at 1.  On October 11, 2006, the Court sentenced

1   Anderson to 108 months in prison followed by three years of supervised release. Dkt. #147-4
2   at 29, CR-04-01281.

3        In his motion under § 2255, Anderson asks the Court to reduce his sentence from 108
4   months to 60 months. *Id.* at 13. Anderson argues that defense counsel was ineffective
5   because counsel failed to object to the inclusion of 792 pounds of marijuana in the base
6   offense level, Anderson did not receive the 60-month sentence of imprisonment that the
7   government and defense counsel allegedly promised, and defense counsel did not appeal the
8   sentence. *Id.* at 4-5. Judge Anderson evaluated Anderson's motion and the Government's
9   response and issued the R&R on September 16, 2008. Dkt. #2. Judge Anderson
10  recommends that all of Anderson's claims be dismissed because Anderson waived his right
11  to collaterally attack the sentence as part of the plea agreement. Dkt. #2 at 3-6.[1]

12       Anderson filed several objections to the R&R. Dkt. #3 at 1. Anderson first objects
13  to the finding that Anderson waived his claims as part of the plea agreement. Anderson
14  argues that the Magistrate Judge overlooked the fact that the waiver was not knowing and
15  voluntary because Anderson was falsely promised a 60-month sentence to induce him to
16  enter the agreement. *Id.* at 1-2. Anderson also objects to the Magistrate Judge's alternative
17  finding on the merits that defense counsel's failure to object to 792 pounds of marijuana did
18  not constitute ineffective assistance of counsel. *Id.* at 7-8. Finally, Anderson objects that the
19  Magistrate Judge failed to consider the prosecutor's high standards of integrity and honorable
20  conduct when alternatively finding on the merits that the government did not breach the plea
21  agreement. *Id.* at 5-6.[2]

22

23

24        [1]In the alternative, Judge Anderson found that even if the claims were not waived,
25  they should be dismissed on the merits.

26        [2]Although Anderson reiterates his arguments in support of his disparate sentencing
27  theory, he does not object to Judge Anderson's finding that he waived this claim by not
    raising it in the initial motion. Since Anderson does not object to this finding of waiver, the
28  Court will accept Judge Anderson's recommendation and deny this claim.

## II.     Waiver.

A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). In this case, Anderson waived that right as part of his plea agreement. The plea agreement clearly states that the defendant waives "any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack." Dkt. #147-2 ¶ 4, CR-04-01281. In the R&R, the Magistrate Judge found that Anderson waived his right to § 2255 review of his claims in the plea agreement and recommended that the motion be denied on that basis. Dkt. #2 at 6. Anderson objects to the R&R on the grounds that the Magistrate's waiver analysis fails to consider Anderson's argument that he only entered into the plea agreement because he was assured a 60-month sentence by defense counsel and the government. Dkt. #3 at 1.

A district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. of Civ. P. 72(b)(3). Courts will enforce a waiver of the right to appeal if (1) the language of the waiver encompasses the grounds claimed in the appeal and (2) the waiver is knowingly and voluntarily made. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000). Anderson does not argue, nor could he, that the language of the waiver in the plea agreement does not encompass collateral attacks on the sentence pursuant to 28 U.S.C. § 2255. *See* Dkt. #147-2 ¶ 4, CR-04-1281 (stating defendant waives "any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack").

Instead, Anderson claims that the waiver is not valid because he did not knowingly and voluntarily enter into the plea agreement. Dkt. #3 at 1-2. Anderson contends that (1) he did not know the consequences of entering the agreement because he was misled by defense counsel and the prosecution to believe that he would receive a sentence of 60 months, and (2) he received ineffective assistance of counsel when promised that he would receive a 60-month sentence which rendered his entry into the plea agreement unknowing and involuntary. *Id.* at 2-3. The Court does not find either argument persuasive.

1

**A.      Anderson was fully aware of the consequences of his actions.**

2      Plea agreements are contractual in nature and courts apply contract principles,

3 including the parol evidence rule, in interpreting these agreements.  *Nunez*, 223 F.3d at 958.

4 Under the parole evidence rule, "a court looks to, and enforces, the plain language of a

5 contract and does not look to extrinsic evidence" to interpret the terms of an unambiguous

6 written agreement.  *Id.* (internal quotation omitted).   Therefore, an agreement's plain

7 language will generally be enforced if it is clear and unambiguous on its face.  *United States*

8 *v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005).

9      Anderson contends that he did not knowingly and voluntarily enter into the plea

10 agreement because he was "tricked into signing a plea agreement which did not contain his

11 actual sentence exposure."  Dkt. #3 at 2.  According to Anderson, he could not have known

12 the consequences of signing the plea agreement because he was mislead by his attorney and

13 the prosecutor to think that he would receive a 60-month sentence.  *Id.*  This argument is

14 contradicted by both the plea agreement itself and Anderson's sworn statements in court.

15      The plea agreement clearly states that in determining the sentence, "the parties

16 stipulate that the defendant shall be sentenced to a term of imprisonment between 60 and 108

17 months." Dkt. 147-2 ¶ 2b.  Anderson was sentenced to 108 months.  It is undeniable that the

18 written plea agreement contained Anderson's actual sentence exposure.

19      In addition, the Court questioned Anderson with regards to his understanding of the

20 range of possible sentences he could receive.  The Court directly inquired into whether

21 Anderson understood the range of his possible sentence under the plea agreement.

22
23
         THE COURT: Paragraph 2(b) [of the plea agreement] says you and the
         government are stipulating that your sentence in this case will be no less than
         60 months and no more than 108 months. Do you understand that?

24       THE DEFENDANT: Yes, I do.

25
26
         THE COURT: Do you understand that if I accept the plea agreement, my
         sentence will have to be within that range?
         THE DEFENDANT: Yes, I do.

27 Dkt. #147-3 at 26.

28

Furthermore, the Court explained to Anderson that there was no way to predict his sentence at the time Anderson entered his guilty plea.

> THE COURT: Do you understand, Mr. Anderson, that neither your attorney, the government's attorney, nor I can tell you today what your sentence will be?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that if the sentence turns out to be different than you expect, you will still be bound by your guilty plea if the sentence is consistent with the plea agreement?
>
> THE DEFENDANT: Yes, sir.

*Id.*

Even assuming that Anderson's counsel incorrectly predicted he would receive a 60-month sentence if he entered into the plea agreement, the Court clearly explained otherwise during the change of plea proceeding. The Court explicitly told Anderson that he could be sentenced anywhere between 60 and 108 months and that nobody could tell him what his sentence would be. Anderson told the court that he understood all of this. The Court finds that Anderson understood the sentencing consequences of entering the plea agreement.

Anderson also understood the consequences of waiving his right to collaterally attack the sentence. The Court took care to ensure that Anderson understood that he was giving up this right. At the change of plea proceeding, the Court questioned Anderson about whether he understood the rights he was waiving.

> THE COURT: The plea agreement also says that you're giving up your right to appeal or collaterally attack the judgment of this court. That means that if I impose a sentence that is consistent with the plea agreement, there is no other court you can go to to get it changed. Do you understand that?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: Are you willing to give up your right to appeal or collaterally attack the judgment of this court?
>
> THE DEFENDANT: Yes, I am.

*Id.* at 20.

Both the explicit language of the plea agreement and Anderson's responses to the Court's questioning reveal that Anderson knowingly and voluntarily waived his right to

collaterally attack his sentence. The Court finds that Anderson understood the consequences of entering into both the plea agreement and waiver.

**B.     Defense counsel was not ineffective.**

Anderson next argues that the waiver should not be enforced because he was only induced to enter the agreement because of the ineffective assistance of defense counsel. A plea agreement cannot waive claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver).

A defendant who enters a guilty plea on the advice of counsel may only challenge the voluntary and intelligent character of the plea by showing that the advice he received was not "within the range of competence demanded of attorneys." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (internal quotations omitted). To establish that ineffective assistance of counsel rendered the waiver invalid, Anderson must show both that counsel's representation fell below an objective standard of reasonableness and that this deficiency resulted in prejudice to Anderson. *See Strickland v. Washington*, 466 U.S. 668, 688-692 (1984); *see also Washington*, 422 F.3d at 872-73.

Under the *Strickland* test, Anderson must first establish that defense counsel's representation fell below an objective standard of reasonableness. Anderson claims that defense counsel induced him to enter the guilty plea, including the waiver, by promising Anderson a 60-month sentence. Anderson offers no evidence in support of this promise aside from his assertion that it occurred.

Anderson's assertion in this case, however, directly contradicts his sworn statements during the change of plea proceeding. The Court specifically asked Anderson whether any promises not contained in the written plea agreement had been made to him:

> THE COURT: Is there anything about the plea agreement that you do not understand?

1    THE DEFENDANT: No, sir, there's not.

2    THE COURT: Does the agreement contain everything that you and the
     government have agreed to in this case?

3
     THE DEFENDANT: Yes, sir, it does.

4
     THE COURT: Have any promises been made to you or commitments made
5    that are not contained in the plea agreement?

6    THE DEFENDANT: No, sir.

7    THE COURT: Other than the plea agreement, has there been any promise
     made to you about what your final sentence will be?

8
     THE DEFENDANT: No, sir.

9
Dkt. #147-3 at 17, CR-04-01281.

10
        Anderson's "solemn declarations made in open court carry a strong presumption of

11
verity." *United States v. Rivera-Ramirez*, 715 F.2d 453, 458 (9th Cir. 1983). Anderson has

12
not provided evidence sufficient to overcome this presumption of truthfulness and convince

13
the Court that he lied under oath. As a result, the Court finds that Anderson has failed to

14
demonstrate that defense counsel's representation fell below an objective standard of

15
reasonableness as required by *Strickland* and, by extension, that the waiver was involuntary.

16
The Court will enforce Anderson's waiver of his right to collaterally attack his sentence.

17
**III.    Anderson waived his claims under § 2255.**

18
        Because the Court holds that the waiver is valid, Anderson is barred from challenging

19
his sentence under § 2255.[3] The Motion to Vacate, Set Aside, or Correct Sentence pursuant

20
to 28 U.S.C. § 2255 is denied.

21
        **IT IS ORDERED:**

22
        1.    Magistrate Judge Lawrence O. Anderson's R&R (Dkt. #2) is **accepted** as set

23
              forth in this order.

24
        2.    The Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.

25
              § 2255 (Dkt. #1) is **denied**.

26

27
        [3]Even if Anderson had not waived his claims, this Court finds persuasive and accepts
28   Judge Anderson's analysis recommending denial of all claims on the merits.

3.     The Clerk of Court shall **terminate** this action.

DATED this 17th day of November, 2008.

_____
David G. Campbell
United States District Judge